### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

| | | |
|---|---|---|
| SHANICKA WEBBER, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 18-cv-03331 |
| v. | ) ) | Hon. Charles Norgle |
| DIVERSIFIED ADJUSTMENT SERVICE, INC., | ) ) ) | |
| Defendant. | ) | |

### DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INC.'S MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY, FED. R. CIV. P. 11, AND 28 U.S.C. § 1927

Defendant Diversified Adjustment Service, Inc. ("Diversified"), by and through its undersigned attorneys, Bassford Remele, PA, now brings this Motion for Sanctions pursuant to the Court's inherent authority, Federal Rule of Civil Procedure 11, and 27 U.S.C. § 1927.  In support of its Motion, Diversified states the following:

### RELEVANT BACKGROUND[1]

On May 9, 2018, Plaintiff filed her complaint, wherein she alleged that Diversified failed to comply with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") claiming Diversified reported information about her unpaid Sprint account to the credit bureaus prior to sending her the initial collection notice, which in turn informed Plaintiff of the possibility that such credit reporting might occur.  [Doc. No. 1 at ¶¶ 11-33, 40-41.]

---

[1] The background concerning Plaintiff's alleged substantive claims is discussed in greater depth in Diversified's Motion for Judgment on the Pleadings, which Diversified incorporates herein by reference.  [Doc. No. 9.]

On June 5, 2018, the undersigned wrote to Plaintiff's counsel explaining that Diversified has never reported any information to any credit bureau concerning Plaintiff's Sprint account. Moreover, the undersigned further pointed out that, in any event, the exhibits attached to Plaintiff's complaint alone demonstrate that Plaintiff has no basis to allege Diversified engaged in any such reporting. [Declaration of Patrick D. Newman ¶ 2, Ex. A.] Plaintiff's counsel failed to respond. [*Id.* at ¶ 3.] Nor did Plaintiff's counsel dismiss Plaintiff's baseless claims.

As a result, on June 6, 2018, Diversified moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Diversified now requests that the Court award it its reasonable attorneys' fees and costs in having to defend this matter despite Plaintiff's and Plaintiff's counsel's knowledge that Plaintiff's claims lack factual support.

## ARGUMENT

Plaintiff's counsel knew that Plaintiff's attempted claims lack factual support before they filed her complaint. Plaintiff's counsel created the complaint and in turn attached the "credit reporting" exhibit. Plaintiff's counsel, per Rule 11, surely read the complaint and exhibits before filing them. Additionally, Plaintiff's counsel were on notice, at the latest, on June 5, 2018, that Plaintiff's claims lacked factual support. Because Plaintiff's counsel failed to voluntarily withdraw and dismiss Plaintiff's complaint notwithstanding this knowledge, sanctions became warranted.

The "district judge has … a wide range of sanctions that he or she may impose." *Insurance Benefit Administrators, Inc. v. Martin*, 871 F.2d 1354, 1359 (7th Cir. 1989). This includes the inherent authority to issue sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *see also Tucker v. Williams*, 682 F.3d 654, 661-62 (7th Cir. 2012); *Flextronics Int'l, USA, Inc. v. Sparkling Drink Sys. Innovation Center Ltd.*, 230 F.Supp.3d 896, 906-07 (N.D. Ill.

2017).

Moreover, the Civil Rules require, among other things, that an attorney signing any pleading in a civil action certify that "the factual contentions have evidentiary support …." Fed. R. Civ. P. 11(b)(3). If a court determines a party or their attorney has violated Rule 11(b), "the court may impose an appropriate sanction," including, but not limited to, "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation …." *Id*. at subdiv. (c)(1), (4).

In addition, pursuant to 28 U.S.C. § 1927, "any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally … attorneys' fees reasonably incurred because of such conduct." *Id*. "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (internal quotation marks omitted and citing *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989)).

A reasonably careful attorney would have read the credit report attached to Plaintiff's complaint and saw that it did not provide any factual support for the allegation that "Diversified" reported any information to any credit bureau regarding Plaintiff's Sprint account. [*See* Def.'s Memo. Supp. Mot. Judg. Plead., Doc. No. 9, at 4-5.] This is particularly true here given that the undersigned notified Plaintiff's counsel—in writing—on June 5, 2018, that Diversified has never reported any information to any credit bureau concerning Plaintiff's Sprint account. [Newman Dec., ¶ 2, Ex. A.]

Any attorney, and most assuredly a reasonably careful attorney, would have investigated Plaintiff's credit reports further or, at the very least, responded to the undersigned's

correspondence documenting the error in the complaint. But Plaintiff's counsel did neither, and instead persisted in asserting Plaintiff's unsupported—and unsupportable—claims in the face of unequivocal evidence (which Plaintiff herself provided as exhibits to her complaint) that they are baseless. [Newman Dec., ¶ 3.]

Rule 11 requires more from Plaintiff's counsel, as does 19 U.S.C. § 1927; their disregard for this Rule and statute warrants sanctions in the form of Diversified's attorneys' fees and costs incurred in responding to the complaint and bringing its motion for judgment on the pleadings.

## CONCLUSION

By refusing to voluntarily withdraw the complaint, Plaintiff's counsel has forced Diversified to expend time and resources to respond to Plaintiff's baseless claims. Accordingly, Diversified asks the Court to award Diversified its reasonable attorneys' fees and costs incurred in responding to Plaintiff's complaint and bringing its Motion for Judgment on the Pleadings, pursuant to the Court's inherent authority, Rule 11, and 28 U.S.C. § 1927.

Respectfully Submitted,

By: /s/ Patrick D. Newman
One of Defendant's Attorneys

Patrick D. Newman
Bassford Remele
100 South 5th Street, Suite 1500
Minneapolis, Minnesota 55402
Tel. 612-333-3000
Fax 612-746-1232
pnewman@bassford.com