# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | | |
|---|---|---|
| SHANICKA WEBBER, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 18-cv-03331 |
| v. | ) ) | Hon. Charles Norgle |
| DIVERSIFIED ADJUSTMENT SERVICE, INC., | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT DIVERSIFIED ADJUSTMENT SERVICE, INC.'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PER FED. R. CIV. P. 12(C)

## INTRODUCTION

Plaintiff chose not to respond to Diversified's motion for judgment on the pleadings [Doc. No. 9], other than to request leave to amend her Complaint.[1] [Doc. No. 16.] But Plaintiff offers no explanation why she failed to withdraw or amend her Complaint within the period for doing so as a matter of right, or in response to the undersigned informing her counsel of what was obvious from the face of the documents Plaintiff herself attached to her own Complaint: *i.e.*, Diversified never reported the subject Sprint account to any credit reporting agency.

---

[1] Diversified intends to respond to Plaintiff's motion to amend in a more fulsome manner by separate brief, in accordance with the briefing schedule the Court orders at the August 31, 2018, presentment hearing Plaintiff noticed. [Doc. No. 17.] For purposes of this motion Diversified describes briefly below why Plaintiff's motion to amend is futile, leaving the originally-filed Complaint as Plaintiff's operative pleading (and subject to dismissal per the instant motion). *See* Section II *infra*.

Plaintiff's failure to withdraw the complaint has created a procedural mess.[2]  Now pending before the Court are Diversified's motion for judgment on the pleadings, Diversified's motion for sanctions, as well as Plaintiff's motion for leave to amend the complaint.  Yet Plaintiff has failed to provide any briefing in response to Diversified's motions, much less any legal justification to deny Diversified's motion for judgment on the pleadings (or why her counsel should not be sanctioned for filing a demonstrably false complaint).

In any event, and as discussed below, Diversified's subject letter to Plaintiff concerning possible credit reporting was accurate and permissible under the FDCPA. Diversified accordingly is entitled to judgment as a matter of law, notwithstanding Plaintiff's ineffective eleventh-hour attempt to salvage her purported claims.

## ARGUMENT

### I.    Plaintiff's Claims, as Pled in the Original Complaint, Fail as a Matter of Law

Plaintiff alleged in her originally-filed complaint that on or about March 31, 2018, Diversified sent her a letter concerning a Sprint account, which informed Plaintiff, in pertinent part:

> **As required by law, you are hereby notified that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.**

[Compl. ¶¶ 14, 18, Ex. C.]  Diversified also made Plaintiff a settlement offer in the letter. [Compl. ¶ 17, Ex. C.]

On the basis of the letter, the credit-reporting disclosure, and the settlement offer, Plaintiff asserted FDCPA claims in her originally-filed complaint arguing that "Diversified had

---

[2] Plaintiff asserts in her motion to amend the Complaint that "[n]either party would be prejudiced by allowing [her] to amend her Complaint …."  [Doc. No. 16, ¶ 6.]  That is most certainly not the case, as discussed more fully in Diversified's motion for sanctions.

already reported the alleged debt to the credit bureaus at the time it made the settlement offer,"

and therefore "offered a false incentive to pay the alleged debt ... in an attempt to coerce Plaintiff

into settling the alleged debt." [Compl. ¶¶ 20-23.] But Plaintiff's complaint could not be more

wrong.

Following Diversified's repeated communications to Plaintiff's counsel confirming that

Diversified never reported the subject Sprint account (as demonstrated by the documents

Plaintiff herself attached to her complaint), Plaintiff—rather than dismiss the complaint—

removed all claims that Diversified reported the Sprint account to any credit reporting agency

from her proposed amended complaint. [*See* Doc. No. 16-1.] Plaintiff thereby now admits that

she had no factual basis to allege that Diversified reported the Sprint account to the credit

reporting agencies. And rightfully so—the credit report Plaintiff herself attached to her own

complaint (as Exhibit D) demonstrates that a separate entity ("**Receivables Perform MGT/AD**,"

*not* Diversified) reported the trade line in question. [Doc. No. 1-1, PageID # 18.]

Plaintiff's entire theory of this case—as alleged in the originally-filed complaint—was

premised on Plaintiff's false assertion that Diversified reported a trade line for the subject Sprint

account. But now that Plaintiff has abandoned her factually unsupported assertion, there is no

viable path on which her complaint can proceed. Dismissal of the originally-filed complaint

therefore is appropriate.

II.     **Plaintiff's Proposed Amended Complaint Cannot Withstand a Motion to Dismiss and Should be Denied as Futile**

If allowed to amend, Plaintiff seeks to allege claims under the FDCPA on the grounds

that another collection agency—*not* Diversified—had already reported Plaintiff's Sprint account

to the credit reporting agencies at the time Diversified sent Plaintiff the collection letter at issue.

[*See* Doc. No. 16-1 ¶¶ 14, 18, 20-23.] In Plaintiff's bizarre and idiosyncratic view, the fact that

an unrelated prior entity—entirely separate from Diversified—had already reported the Sprint account somehow makes Diversified's disclosure concerning the possibility that *Diversified* "may" report the Sprint account to the credit reporting agencies "false" or "misleading."

That is not the law.  Diversified was allowed to report the Sprint account, even if prior agencies or creditors had already independently reported it.  Plaintiff's proposed amended complaint simply fails to state a claim (and therefore is futile), leaving the originally-filed complaint the operative pleading in this matter, which in turn should be dismissed as demonstrated above.

## A.      Rule 15(a) Standard for Leave to Amend Pleadings

While Rule 15 provides that courts "should freely give leave [to amend] when justice so requires," the Rule does not "mandate that leave be granted in every case."  Fed. R. Civ. P. 15(a)(2); *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002).  It is appropriate to deny a motion to amend where the proposed amendment would be futile.  *See Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).  "District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss."  *Id*. (citation omitted).

## B.      Diversified Had the Right to Report the Sprint Account, Even If Prior Agencies or Creditors Previously Reported It

Diversified was permitted to report a trade line to the credit reporting agencies concerning Plaintiff's Sprint account, even if "another company collecting the same debt" had previously reported a trade line to the credit reporting agencies.  [Doc. No. 16-1 ¶ 21.]  A number of court decisions, including several courts in this District, support Diversified's position.

For example, in *Kohut v. Trans Union LLC*, No. 04-cv-2854, 2004 WL 1882239 (N.D. Ill. Aug. 11, 2004), a consumer alleged claims against a debt collector under § 1692e because the

agency reported a trade line concerning the consumer's debt, even though a different entity had already reported a trade line to the credit reporting agencies for the same debt. *Id.* at *1. ("Kohut asserts that CCB violated the FDCPA, 15 U.S.C. §§ 1692e and 1692e(10) by reporting a debt to TransUnion even though it knew that the debt had already been reported and that the likely effect of its actions would be a double listing of the same debt."). The court dismissed the claim because "[t]he parties agree that CCB's reporting was accurate. This sounds the death knell for Kohut's FDCPA act claim against CCB because it is not false, deceptive, or misleading for CCB to tell a consumer credit reporting agency that it attempted to collect a debt that Kohut concedes is valid **even if that leads to two records relating to the same debt in Kohut's credit report**.") *Id.* at *2 (emphasis added and footnote omitted).

More recently, a court in this district dismissed a consumer's FDCPA claim arising from a collection letter that contained the following disclosure (which is very similar to the disclosure at issue in this case): "Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations." *Macias v. Credit Control, LLC*, No. 17-cv-01158, 2017 WL 2619145, at *1 (N.D. Ill. June 16, 2017).[3] In support of his attempted §§ 1692e and 1692f claims, the *Macias* plaintiff argued (as Plaintiff would argue in the instant matter if permitted to amend her complaint), "Defendants were aware of the existing negative credit report, and were thus offering a false incentive for Plaintiff to pay his alleged debt in an attempt to 'coerce' Plaintiff into settling the alleged debt." *Id.*

The *Macias* court rejected Plaintiff's argument. In granting the collectors' motion to dismiss, the court found that the credit-reporting disclosure "was not misleading or unfair and Defendants were not creating a false incentive for Plaintiff because Defendants could have

---

[3] The *Macias* plaintiff was represented by the same counsel for Plaintiff in this matter.

lawfully submitted an additional credit report related to Plaintiff's debt **regardless of the fact that the original creditor had already made a credit report**. Simply put, the statement in Defendant's letter was not false or misleading, it was a true statement of Defendants' **legitimate power** to make a negative credit report." *Id*. at \*4 (emphasis added and citations omitted).

Courts outside this district have likewise rejected similar claims. In *Cruz v. MRC Receivables Corp.*, 563 F. Supp.2d 1092 (N.D. Cal. 2008), a consumer brought purported §§ 1692e and 1692f claims arising from a collection letter that disclosed[4] the collector may report the debt to the credit reporting agencies. *Id*. at 1101. In support of its order granting the collector's motion to dismiss, the court reasoned:

> Even if Defendants had previously sent Cruz a notice that her failure to satisfy her debt might result in submission of a negative credit report, the Court would find no statutory violation. Additional negative credit reports are not prohibited, so Cruz's suggestion that her "credit report already bears the scars of her inability to pay the debt" is pointless. Not only could Defendants have submitted additional negative credit reports lawfully, they could have notified Cruz of those reports without running afoul of the FDCPA …. No part of the letters was false with regard to the amount of Cruz's debt or the possible consequences of her continued failure to pay that debt. Nothing in the credit reporting notice can be seen as unfairly inducing Cruz to take an action she might not otherwise take. Read in the context of the letter as a whole, the credit reporting notices would not have been misleading or unfair to the least sophisticated consumer. As such, even if Cruz had proven that Defendants previously submitted a negative credit report on her account … she would still have failed to prove a violation of sections 1692e, 1692e(10), and 1692f."

*Id*. at 1101-02.

Although Plaintiff did not substantively respond to this motion, she did cite two district court cases in her complaint, *Johnson v. Enhanced Recovery Co., LLC*, 228 F. Supp.3d 870 (N.D. Ind. 2017) and *Delgado v. I.C. Sys. Inc.*, No. 17-cv-1366, 2017 WL 9939630 (N.D. Ill. May 18, 2017), neither of which is apposite to the instant matter.

---

[4] The challenged letter in that case included the following disclosure: "As required by law, you are hereby notified that a negative report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations." *Id*. at 1093-94.

In *Johnson*, the challenged letter was problematic because it stated that the collector "may" report the debt, but the collector *itself* had already reported the debt before sending the letter. *Johnson*, 228 F.Supp.3d at 873. The court found that the consumer could be "plausibly" misled under those circumstances. Here, unlike *Johnson*, Diversified never reported the Sprint account and therefore could not have falsely or misleadingly implied that the account "may" be reported when it had *already* been reported.

*Delgado* is likewise distinguishable from the present case. There the debt collector included the following disclosure in the challenged letter:

> The account information is scheduled to be reported to the national credit reporting agencies in your creditor's name. You have the right to inspect your credit file in accordance with federal law. I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below.

*Delgado*, No. 17-cv-1366, Docket Number 1-1, Ex. C.

Diversified did not state that Plaintiff's Sprint account was "scheduled to be reported" or otherwise suggest that Diversified had already reported the account. Diversified accurately stated that the account "may be submitted … if you fail to fulfill the terms of your credit obligations." [Compl. Ex. C.]

In sum, Diversified was permitted to report Plaintiff's Sprint account to the credit reporting agencies, even if a prior agency or creditor already reported it. As a result, Diversified's disclosure to Plaintiff—which forms the lynchpin of Plaintiff's newly-alleged claims in the proposed amended complaint—was completely accurate. Plaintiff's attempted claims in the proferred amended complaint therefore fail to state a claim. The proposed amendment is futile as a result.

That leaves Plaintiff's originally-filed complaint as the operative pleading in this matter. For the reasons described in Section I above, the originally-filed complaint also fails as a matter of law and should be dismissed.

## CONCLUSION

Plaintiff has now admitted that Diversified never reported the Sprint account to any credit reporting agency. The claims pled in her originally-filed complaint therefore fail as a matter of law. Plaintiff's attempt to save her purported claims by amendment likewise fails because Diversified was permitted to report the Sprint account, even if a prior agency or creditor previously reported it.

In short, nothing contained in the challenged letter was false or misleading. Accordingly, Diversified requests that Plaintiff's complaint be dismissed.

Respectfully Submitted,

By: /s/ Patrick D. Newman
One of Defendant's Attorneys

Patrick D. Newman
Bassford Remele
100 South 5th Street, Suite 1500
Minneapolis, Minnesota 55402
Tel. 612-333-3000
Fax 612-746-1232
pnewman@bassford.com